UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23991-CIV-MORENO/MCALILEY

BILLIE JO BONCK,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
*et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON EXOTIC'S MOTION TO DISMISS**

Pending before the Court is Defendant Exotic Shore Excursions Ltd.'s ("Exotic") Motion to Dismiss for Lack of Personal Jurisdiction, which the Honorable Federico A. Moreno referred to me for resolution. (ECF Nos. 22, 25). The Motion is fully briefed. (ECF Nos. 23, 24). Having carefully reviewed the parties' legal memoranda and the applicable law, for the reasons set forth below I recommend that the Court grant the Motion to Dismiss.

**I.    BACKGROUND**

The Complaint alleges the following facts, which the Court assumes are true at this stage of the proceedings.[1] Plaintiff was a fare-paying passenger on the Carnival *Glory* on September 27, 2017, when the *Glory* docked in Belize City, Belize. (ECF No. 1 at ¶¶ 16,

---

[1] *See Quality Foods de Centro America S.A. v. Latin American Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983) (when considering whether to grant a motion to dismiss, the court must assume the facts alleged are true and cast them in the light most favorable to the non-moving party).

1

25). While in Belize City, Plaintiff participated in a "Lamanai Ruins & Riverboat Safari" tour "owned and/or operated" by Exotic. (*Id*. at ¶¶ 8, 25). As Plaintiff was riding on a vessel provided by Exotic, the vessel's canopy collapsed and broke loose from its supports, causing a metal bar to strike Plaintiff across her forehead and injure Plaintiff. (*Id*. at ¶ 29). Plaintiff now sues Exotic and Carnival for negligence.

Exotic is a foreign corporation incorporated in Belize City, Belize with its principal place of business in Belize. (*Id*. at ¶ 3). The Complaint contains numerous allegations of this Court's general and specific jurisdiction over Exotic. However, in her Response to Exotic's Motion to Dismiss, Plaintiff withdrew "any allegation of standard long-arm jurisdiction against Exotic, other than Fla. Stat. § 48.193(1)(a)(9)...." (ECF No. 23 at 3 n.1). Plaintiff further clarified that she has "sued Exotic pursuant to Exotic's contractual conferral of personal jurisdiction to this Court...." (*Id.* at 2). Thus, whether this Court has jurisdiction over Exotic pursuant to the specific jurisdiction provision at Fla. Stat. § 48.193(1)(a)(9), is the sole question presented by Exotic's Motion to Dismiss.

The contract to which Plaintiff refers is an agreement between Exotic and Carnival for Exotic to provide shore excursions to guests aboard Carnival's vessels (the "Excursions Agreement").[2] The Excursions Agreement contains the following provisions relevant to the Motion to Dismiss:

---

[2] Exotic attaches a copy of the Excursions Agreement to its Motion to Dismiss. (ECF No. 22-1 at 9-13). Plaintiff does not object to the Court's consideration of the Excursions Agreement in resolving the Motion to Dismiss and, in fact, relies upon various provisions of that Agreement in her Response. (*See* ECF No. 23 at 4, 10, 14, 16).

2

    15(c)  <u>Litigation</u>:

> [Exotic] consents to the personal jurisdiction over it and to the venue of the courts serving the Southern District of Florida in the event of any lawsuit to which CARNIVAL is a party and which is related to, in connection with, arising from or involving the Shore Excursion or the terms of this Agreement.

*****

    (e)  <u>Governing Law</u>:

> This Agreement shall be governed by and construed in accordance with the General Maritime Law of the United States and/or the Laws of the State of Florida, U.S.A.

(ECF No. 22-1 at 12-13).

In its Motion, Exotic argues that this Court lacks personal jurisdiction over it. (ECF No. 22). Plaintiff's only argument in response is that Fla. Stat. 48.193(1)(a)(9) provides a basis for personal jurisdiction because Exotic has "contractually agreed to waive the defense of personal jurisdiction," and/or is estopped from asserting that defense, as a result of paragraph 15(c) of the Excursions Agreement. (ECF No. 23 at 3). For the reasons that follow, I conclude that Plaintiff has not sufficiently alleged that (1) Fla. Stat. 48.193(1)(a)(9) provides a basis for this Court's personal jurisdiction over Exotic, and (2) she is a third-party beneficiary of the Excursions Agreement. On this Complaint, Plaintiff cannot rely upon paragraph 15(c) of that Agreement to confer personal jurisdiction.

## II.   ANALYSIS

### A.   <u>Legal Standard</u>

A federal court engages in a two-part inquiry to determine whether it has personal jurisdiction over a non-resident defendant. "First, the court must determine whether the

3

applicable state statute governing personal jurisdiction is satisfied." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Second, the court must determine whether the exercise of personal jurisdiction "would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

With respect to the first inquiry, a non-resident defendant "can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, [Fla. Stat.] ... 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction – that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida ...; and second, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction – that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida – if the defendant engages in 'substantial and not isolated activity' in Florida...." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015) (emphasis in original).

When faced with a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish a prima facie case of jurisdiction over the non-resident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted). The allegations of the complaint are taken as true to the extent they are not controverted by the evidence that the defendant submits. *Id*. at 492. "After a plaintiff has established a prima facie case of jurisdiction and the defendant has filed affidavits contesting jurisdiction, the plaintiff bears the burden of proving sufficient jurisdiction by affidavits or other sworn statements." *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 276 (11th Cir. 2005). "If

4

there is conflict between the plaintiff's and the defendant's allegations or in the evidence, the plaintiff's evidence is to be believed and all reasonable inferences must be drawn in his favor." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1356 (11th Cir. 2000).

### B.   The Court Lacks Personal Jurisdiction Over Exotic

The Court need only determine whether specific jurisdiction under Fla. Stat. § 48.193(1)(a)(9) exists because, as mentioned above, Plaintiff has withdrawn all other allegations of personal jurisdiction. (*See* ECF No. 23 at 3 n.1). Section 48.193(1)(a)(9) provides that:

> [a] person…who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself…to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts…[e]ntering into a contract that complies with s. 685.102.

Fla. Stat. § 48.193(1)(a)(9). Section 685.102, in turn, states:

> …any person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside of this state *if* the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 *and* which contains a provision by which such person or other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state.

Fla. Stat. § 685.102 (emphasis supplied). And section 685.101 provides:

> [t]he parties to any contract…in consideration of or relating to any obligation arising out of a transaction involving in the aggregate not less than $250,000, the equivalent thereof in any foreign currency, or services or tangible or intangible property, or both, of equivalent value…may, to the extent permitted under the United States

5

> Constitution, agree that the law of this state will govern such contract…the effect thereof and their rights and duties thereunder, in whole or in part, whether or not such contract…bears any relation to this state.

Fla. Stat. § 685.101(1). The Florida Fourth District Court of Appeal recently explained the effect of sections 685.101-.102 on the personal jurisdiction analysis this way:

> When sections 685.101 and 685.102 are satisfied, personal jurisdiction may be exercised and the courts may dispense with the more traditional minimum contacts analysis. In other words, sections 685.101 and 685.102 allow parties to confer jurisdiction on the courts of Florida by contract alone if certain requirements are met.

*Corp. Creations Enters. LLC v. Brian R. Fons Attorney at Law P.C.*, 225 So.3d 296, 301 (Fla. 4th DCA, 2017) (citations omitted). The Court further explained that, for a Florida court to exercise jurisdiction over a non-resident defendant pursuant to section 685.101 and 685.102, the contract must:

> (1)   Include a choice of law provision designating Florida law as the governing law, in whole or in part;
>
> (2)   Include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida;
>
> (3)   Involve consideration of not less than $250,000 or relate to an obligation arising out of a transaction involving in the aggregate not less than $250,000;
>
> (4)   Not violate the United States Constitution; and
>
> (5)   Either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under the laws of Florida.

*Id.* (citations omitted).

Another division of this court recently considered whether the identical consent to jurisdiction and choice of law provisions set forth in the Excursions Agreement, conferred

personal jurisdiction over a foreign excursion operator. The plaintiff in *Steffan v. Carnival Corporation*, was a guest aboard a Carnival vessel who was injured during a shore excursion. *Steffan*, No. 16-25295-CIV, 2017 WL 4182203 at *1-2 (S.D. Fla. Aug. 1, 2017). That plaintiff argued that the foreign excursion operator was subject to specific jurisdiction because of the conferral of jurisdiction clause set forth in the Standard Shore Excursion Independent Contractor Agreement between Carnival and the excursion company. *Id*. at *2-6.

The *Steffan* Court analyzed the Excursions Agreement and found that it satisfied the five requirements necessary to confer jurisdiction over a non-resident defendant under sections 685.101-.102 . *Id*. at *6 (concluding that "the conferral of jurisdiction provision, in conjunction with the choice of law provision in the Agreement, is sufficient to allow the Court to exercise personal jurisdiction over [the excursion company]." ). The Court then concluded that the plaintiff could avail himself of the conferral of jurisdiction provision, because the complaint included sufficient factual allegations – which the excursion operator did not contest – that the plaintiff was an intended third-party beneficiary of the Excursions Agreement. [3] *Id*. at *7.

*Steffan* is distinguishable in at least one critical respect. The Complaint here contains no allegations that establish that Plaintiff is a third-party beneficiary of the Excursions

---

[3] Unlike the foreign defendant in *Steffan*, Exotic disputes that Plaintiff is a third-party beneficiary of the Excursions Agreement. *See* Declaration of Thomas Tillet (ECF No. 22-1 at p. 6, ¶ 32) (stating that the Excursions Agreement "imposed no obligation intended to benefit third parties, including but not limited to Carnival passengers.").

Agreement.[4] Plaintiff appears to argue that a third-party beneficiary analysis is unnecessary because she "does not seek 'enforcement' of the [Excursions Agreement]" but, rather, "seeks defensively to argue waiver and apply principles of estoppel… because Exotic has voluntarily waived its right to raise the defense of personal jurisdiction…." (*Id.* at 14). Plaintiff misapprehends her obligation. *Steffan* makes clear that a complaint must adequately allege that the plaintiff is a party or third-party beneficiary of the contract with the consent to jurisdiction clause. 2017 WL 4182203 at *7. Plaintiff attempts to rely upon the consent to jurisdiction clause in the Excursions Agreement, without adequately pleading that she is a party or third-party beneficiary.

Another case that Plaintiff cites underscores this point. The plaintiff in *Lienemann v. Cruise Ship Excursions, Inc.*, 349 F.Supp.3d 1269 (S.D. Fla. 2018), argued, as Plaintiff did here, that "pursuant to the consent to jurisdiction provision contained in the Agreement, Defendant has consented to personal jurisdiction in this Court and, therefore, principles of waiver and estoppel preclude Defendant from seeking dismissal for lack of personal jurisdiction." *Id.* at 1272. The Court agreed with the plaintiff's argument because she had stated a claim for breach of a third-party beneficiary contract. *Id.* at 1275. The conclusion in *Steffan* and *Lienemann* – that a plaintiff who adequately alleges third-party beneficiary

---

[4] The Complaint also does not contain any factual allegations that demonstrate the Excursions Agreement satisfies the five requirements necessary to find that the contract falls within Fla. Stat. sections 685.101-102. Plaintiff recognizes as much when she, in a footnote to her Response, requests leave to amend "[t]o the extent that this Court is of the opinion that the Plaintiff's initial Complaint does not adequately allege the five elements necessary to establish jurisdiction under [sections 685.101-.102]…." (ECF No. 23 at 8 n.3). I recommend that Plaintiff be permitted to amend her Complaint to include these allegations.

status can rely upon a conferral of jurisdiction clause – is consistent with a decision of the Third District Court of Appeal, that "*parties* to a commercial contract can, by agreement alone, confer personal jurisdiction on a Florida court" pursuant to Fla. Stat. §§ 685.101 and 685.102. *Jetbroadband WV, LLC v. MasTec North America, Inc.*, 13 So.3d 159, 160 (Fla. 3d DA 2009) (emphasis supplied).

For a third party to have a legally enforceable right under a contract, the benefit to the third party must be the "direct and primary object of the contracting parties." *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 982 (11th Cir. 2005). The parties' intent to benefit the third party "must be specific and must be clearly expressed in the contract in order to endow the third party beneficiary with a legally enforceable right" and "incidental or consequential benefit" to a third party is insufficient. *Id*. at 982.

Importantly, the Complaint contains no factual allegations that Plaintiff is a third-party beneficiary of the Excursions Agreement. At most, she alleges that Exotic and Carnival entered into a contract "for the benefit of and to provide excursion services to Carnival's passengers…." (ECF No. 1 at ¶ 12). Plaintiff's conclusory allegation is insufficient to plead third-party beneficiary status. *Aronson v. Celebrity Cruises, Inc.*, 30 F.Supp.3d 1379, 1398 (S.D. Fla. 2014) (passenger "failed to plead factual allegations sufficient to raise a right to relief above the speculative level" where complaint failed to allege "any facts showing [cruise line and excursion operator] clearly and specifically expressed their intent for the contract to benefit Plaintiff or any other third parties.") (quotation marks and citation omitted); *see also Suffolk Constr. Co., Inc. v. Rodriguez and Quiroga Architects Chartered*, No. 16-CV-23851, 2018 WL 1335185 at *6 (S.D. Fla.

March 15, 2018) (plaintiff failed to adequately plead that it is an intended third-party beneficiary where "allegations as to their purported third-party beneficiary status are conclusory.").

In sum, I conclude that Plaintiff has failed to adequately plead that the Excursions Agreement falls within Fla. Stat. §§ 685.101 and 685.102, and that she can rely upon the consent to jurisdiction clause therein as a third-party beneficiary.

## III. RECOMMENDATION

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Exotic's Motion to Dismiss for Lack of Personal Jurisdiction, (ECF No. 22), and dismiss the Complaint as to Exotic with leave to amend.

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Federico A. Moreno, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 19th day of June, 2019.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Federico A. Moreno
    Counsel of record