UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23991-CIV-MORENO/MCALILEY

BILLIE JO BONCK,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
*et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON CARNIVAL'S MOTION TO DISMISS**

Pending before the Court is Defendant Carnival Corporation's Motion to Dismiss, which the Honorable Federico A. Moreno referred to me for resolution. (ECF Nos. 10, 25). The Motion is fully briefed. (ECF Nos. 20, 21). I have carefully reviewed the parties' legal memoranda and the applicable law, and for the reasons set forth below I recommend that the Court grant in part the Motion to Dismiss.

**I.    BACKGROUND**

The Complaint alleges the following facts, which the Court assumes are true at this stage of the proceedings.[1] Plaintiff was a fare-paying passenger on the Carnival *Glory* on September 27, 2017, when the *Glory* docked in Belize City, Belize. (ECF No. 1 at ¶¶ 16,

---

[1] *See Quality Foods de Centro America S.A. v. Latin American Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983) (when considering whether to grant a motion to dismiss, the court must assume the facts alleged are true and cast them in the light most favorable to the non-moving party).

1

25). While in Belize City, Plaintiff participated in a "Lamanai Ruins & Riverboat Safari" tour "owned and/or operated" by Exotic Shore Excursions, Ltd. ("Exotic"). (*Id*. at ¶¶ 8, 25). Carnival promoted shore excursions for Exotic and sold the Lamanai Ruins & Riverboat Safari excursion on its ships, including the *Glory*. (*Id*. at ¶ 11). Carnival made representations in its literature and onboard about the safety of excursions, and assured passengers, including Plaintiff, that the aspects and conditions of the Lamanai Ruins & Riverboat Safari, including the vessels that Exotic used during that excursion, were reasonably safe. (*Id*. at ¶¶ 21, 33(e)).

Carnival maintains a shoreside excursion department which evaluates the fitness and suitability of the excursion companies through which Carnival allows its passengers to select shore excursions. (*Id*. at ¶ 22). Carnival's evaluation process includes periodic site visits to and participation in each excursion it offers its passengers. (*Id*.). Carnival conducts site visits in order to, among other things, evaluate the crew and employees of the excursion provider and the equipment used during the excursion. (*Id*.). Carnival also requires its chosen excursion providers to provide a safe history report. (*Id*. at ¶ 24).

Plaintiff alleges that Exotic used poorly maintained vessels to transport passengers on the Lamanai Ruins & Riverboat Safari excursion. (*Id*. at ¶ 29). Plaintiff was on such a vessel when, as a result of poor maintenance, the vessel's canopy collapsed and broke loose from its supports, causing a metal bar to strike Plaintiff across her forehead and injure her. (*Id*.). The Complaint asserts two causes of action against Carnival: Count I is a claim for negligence and Count III is a claim for apparent agency or agency by estoppel. (ECF No. 1 at pp. 9-13, 16). Carnival has moved the dismiss the Complaint, arguing that Plaintiff has

not pled sufficient factual allegations to state a negligence claim for failure to warn, and is attempting to impose numerous "heightened" duties of care on Carnival that are not recognized in admiralty law. (ECF No. 10 at 3-12). Carnival also argues that the agency claim should be dismissed because it is not an independent cause of action, and Plaintiff has not alleged a sufficient factual basis to support the existence of an agency relationship between Carnival and Exotic. (*Id*. at 12-16). I address each argument below.

## II. ANALYSIS

### A. Legal Standard

To survive a motion to dismiss, the plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss, the court must draw "all reasonable inferences" in favor of the plaintiff. *St. George v. Pinellas Cty*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. V. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### B. Plaintiff States a Cause of Action for Negligence

In Count I, Plaintiff alleges that Carnival owed her a duty of reasonable care under the circumstances, and breached that duty by committing the following acts or omissions:

    a.    failing to provide a safe excursion;

  b. failing to properly and adequately inspect the equipment used by passengers as provided by its agent Exotic;

  c. failing to warn Plaintiff that Exotic was using a poorly maintained, substandard, outdated and unseaworthy vessel during the Lamanai Ruins & Riverboat Safari excursion;

  d. failing to adequately monitor and supervise the operation of and equipment used by its agent Exotic;

  e. assuring passengers, including Plaintiff, that the aspects and conditions of the Lamanai Ruins & Riverboat Safari excursion were reasonably safe and appropriate, including the vessel used during the tour;

  f. failing to adequately monitor, supervise and/or inspect its agent Exotic to ensure it employed reasonably safe means for passengers to participate in the Lamanai Ruins & Riverboat Safari excursion, including the equipment used during the excursion;

  g. failing to promulgate, enforce and/or follow adequate policies and procedures for inspection and monitoring of the Lamanai Ruins & Riverboat Safari excursion to ensure proper and reasonably well-maintained equipment was used to allow for the reasonably safe participation by its passengers during the excursion;

  h. failing to ensure that its agent Exotic had proper policies and procedures in place to ensure it had reasonably safe and well-maintained equipment;

  i. having a shore excursion that was not competently operated;

  j. failing to fulfill its promises and make good on its representations, made in its literature, on its website and verbally to Plaintiff, in which it knew passengers would rely; and

  k. failing to verify that the Lamanai Ruins & Riverboat Safari excursion was insured, reliable and reputable.

(ECF No. 1 at pp. 9-11). Plaintiff further alleges that Carnival knew or should have known that the vessels used by Exotic during its excursions were poorly maintained, unfit and unseaworthy, and failed to correct the poorly maintained vessels, which proximately caused Plaintiff's injuries. (*Id.* at 11-12).

To plead a claim for negligence, a plaintiff must allege that: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Carnival's motion focuses on the duty element. A cruise line owes its passengers "a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Id.* (citation omitted); *see also Wolf v. Celebrity Cruises Inc.*, 683 Fed. App'x 786, 794 (11th Cir. 2017). Carnival argues that Plaintiff "fails to plead any facts that would tend to establish that Carnival was on notice of any unsafe condition on the subject excursion." (ECF No. 10 at 8).

Carnival is correct that the negligence claim itself largely consists of conclusory allegations which parrot the required elements of a negligence claim. "A pleading that offers a formulaic recitation of elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)) (quotation marks omitted). However, as Plaintiff discusses in her Response, she includes factual allegations in the General Allegations section of her Complaint, which are incorporated into Count I. (ECF Nos. 20 at 8-10; 1 at ¶ 30). In particular, Plaintiff alleges that Carnival: (i) has an ongoing business relationship with Exotic in which Carnival markets and sells recreational shore excursions, including the excursion on which Plaintiff was injured; (ii) makes representations in its literature and onboard about the safety and security of Exotic's excursions; (iii) periodically evaluates the fitness and suitability of its chosen excursion providers, which includes site visits and participation in the excursions in order to evaluate the equipment that the providers use

5

during the excursion, and (iv) requires its chosen excursion providers to provide a safe history report. (ECF No. 1 at ¶ 10, 21, 22, 24). Plaintiff further alleges that Carnival assured its passengers, including Plaintiff, that the vessels used during the Lamanai Ruins & Riverboat Safari excursion were reasonably safe and appropriate. (*Id.* at ¶ 33(e)).

Other divisions of this Court have found similar allegations sufficient to survive a motion to dismiss. *See e.g., Kennedy v. Carnival Corp.*, No. 18-20829-CIV, 2019 WL 2254918 at *19 (S.D. Fla. March 6, 2019) ("[P]laintiffs sufficiently alleged that the defendant had actual notice of the dangerous condition through their familiarity with the excursions through their sales relationship, inspections and continued partnership.") (report and recommendation adopted by *Kennedy*, 2019 WL 2254962 (S.D. Fla. March 21, 2019)); *Heller v. Carnival Corp.*, 191 F.Supp.3d 1352, 1358 (S.D. Fla. 2016) (finding plaintiff adequately pleaded failure to warn claim because "Plaintiff's allegation that Carnival should have become of aware of the risk-creating condition during inspections of the Excursion Entities is sufficient regarding Carnival's actual or constructive notice of the risk-creating condition."); *Steffan v. Carnival Corp.*, No. 16-25295-CIV, 2017 WL 7796726 at *3 (S.D. Fla. May 22, 2017) (allegation that Carnival represented that it conducted regular inspections and audits of its tour providers' operations sufficient to plead a claim of failure to warn).

The Eleventh Circuit's decision in *Chaparro* is also instructive. In *Chaparro*, the plaintiffs sued Carnival for negligence after their daughter was killed in a gang related shooting while returning from a non-Carnival sponsored excursion in St. Thomas. *Chaparro*, 693 F.3d at 1335. The plaintiffs alleged that Carnival was negligent in failing to

warn disembarking passengers of incidents of crime in St. Thomas generally, and the area where the shooting occurred specifically. *Id*. at 1337. As relevant here, the plaintiffs alleged that Carnival "knew or should have known of these dangers because it monitors crime in its ports of call." *Id*. The Eleventh Circuit reversed the district court's dismissal and held that the plaintiffs adequately pled a claim for negligent failure to warn. *Id*.

Similarly here, Plaintiff alleges that Carnival periodically conducts site visits to its chosen excursion providers in order to evaluate the fitness and suitability of the equipment the providers use, and requires its excursion operators to provide a safe history report. (ECF No. 1 at ¶¶ 22, 24). These facts give rise to the reasonable inference that given Carnival's monitoring of the safety of its excursion providers, it knew or should have known that Exotic used poorly maintained vessels, including during the Lamanai Ruins & Riverboat Safari excursion.[2]

The Court thus concludes that Plaintiff has alleged enough supporting facts to "nudge [her] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, I recommend that the Court deny Carnival's motion to dismiss Count I because Plaintiff has stated a claim for negligent failure to warn.

Given that Plaintiff has adequately alleged the existence of one duty – the duty to warn – it unnecessary to address Carnival's other argument, that the negligence claim imposes other heightened duties of care that are not recognized under admiralty law.

---

[2] Carnival relies primarily upon two decisions, *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-CIV, 2012 WL 2049431 (S.D. Fla. June 5, 2012) and *Koens v. Royal Caribbean Cruises, Ltd.*, 774 F.Supp.2d 1215 (S.D. Fla. 2011). However, both cases pre-date the Eleventh Circuit's decision in *Chaparro*, and thus are not persuasive.

Carnival's argument is more appropriate at later stages of this litigation. *See e.g., Nielsen v. MSC Crociere, S.A.*, No. 10-62548-CIV, 2011 WL 12882693 at *6 (S.D. Fla. June 24, 2011) ("[A]s Plaintiff's negligence claim survives the motion to dismiss stage, which of the alleged twenty-one [ ] enumerated duties Defendants allegedly owed to Plaintiff is better decided upon a motion in limine."); *L.A. by and through T.A. v. Royal Caribbean Cruises, Ltd.*, No. 17-cv-23184, 2018 WL 3093548 at *3 (S.D. Fla. June 22, 2018) ("While Defendant takes issue with the other duties enumerated by Plaintiff, such arguments are more appropriate on summary judgment than on a motion to dismiss.") (citations omitted); *Cubero v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-20929, 2016 WL 4270216 at *3 (S.D. Fla. Aug. 15, 2016) ("[T]he Court agrees with Plaintiff that whether Royal Caribbean owed [passenger] specific legal duties is an issue more properly addressed at later stages of the litigation.") (citation omitted). Moreover, courts have declined to "strike alleged duties from the Complaint in line-item fashion." *Cubero*, 2016 WL 4270216 at *3; *see also*, *Steffan*, 2017 WL 7796726 at *3 ("[T]he Court is unwilling to strike specific allegations of breaches within a count for relief.").

Finally, Carnival argues that "[t]o the extent Count I of Plaintiff's Complaint purports to bring a claim for negligent hiring and retention, it should be dismissed for failure to plead a *prima facie* case." (ECF No. 10 at 10). In her Response, Plaintiff contends that Count I "properly asserts that the excursion operator was negligently selected and hired…." (ECF No. 20 at 10). However, Plaintiff cites *no* allegations from her Complaint to support this assertion. (*Id*. at 10-11). Plaintiff's conclusory assertion that she stated a claim for negligent hiring does not make it so.

8

Notably, negligent hiring occurs when "prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness…." *Kennedy*, 2019 WL 2254918 at *22 (citations omitted). The Complaint contains no allegations that Exotic engaged in any improper or unsafe conduct *prior* to being hired by Carnival that would have put Carnival on notice that Exotic was unfit to provide shore excursions. The Court has carefully reviewed the Complaint and cannot identify any instance where Plaintiff attempts to plead a claim for negligent hiring. It is telling that Plaintiff also does not point to any allegations which support such a claim. The Court thus finds that Plaintiff has not alleged a claim for negligent hiring.

For the foregoing reasons, I recommend that the Court deny Carnival's motion to dismiss Count I because Plaintiff has adequately stated a cause of action for negligence.

### C.    **Count III Should Be Dismissed Because it is Not a Cause of Action**

Count III of the Complaint is titled "Apparent Agency or Agency by Estoppel Claim Against Carnival." (ECF No. 1 at p. 16). Plaintiff concedes that apparent agency and agency by estoppel "are not independent causes of action" and "requests leave of Court to re-plead her theory of apparent agency vicarious liability in a negligence claim." (ECF No. 20 at 12). Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, I recommend that the Court dismiss Count III with leave to amend. Given this recommendation, it is premature to address Carnival's argument that Plaintiff's allegations of agency are insufficient. (ECF No. 10 at 13-16).

## III. RECOMMENDATION

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT IN PART** Carnival's Motion to Dismiss (ECF No. 10), and dismiss Count III without prejudice.

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Federico A. Moreno, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 25th day of June, 2019.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Federico A. Moreno
    Counsel of record