UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-23991-CIV-MORENO

BILLIE JO BONCK,

        Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, a foreign
corporation; and EXOTIC SHORE
EXCURSIONS, LTD, a foreign corporation,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE McALILEY'S REPORT AND RECOMMENDATIONS

THE MATTER was referred to the Honorable Chris McAliley, United States Magistrate Judge, for a Report and Recommendation on both Defendants' motions to dismiss. The Magistrate Judge filed a Report and Recommendation on each. The Court has reviewed the entire file and record and has made a *de novo* review of the issues presented in the objections to the report and recommendations. The Court notes that as a preliminary matter, because Plaintiff failed to file objections to the Report and Recommendation on Exotic's motion to dismiss count two of the complaint, that report is AFFIRMED and ADOPTED, and the motion to dismiss is GRANTED without prejudice. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (citing 28 U.S.C. § 636(b)(1)).

Consequently, this Court must only review the remaining Report and Recommendation issued as to Carnival Corporation's motion to dismiss, along with the accompanying objection, response, and notice of filing supplemental authority. Upon review, the Court agrees with the Magistrate Judge and finds that Plaintiff sufficiently pleads a claim for negligence in count one,

but not apparent agency or agency by estoppel in count three.

## I. BACKGROUND

The facts of this case, according to Plaintiff's complaint which this Court construes as true for purposes of evaluating the relevant motions to dismiss, are the following. *See Newtown v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1275 (11th Cir. 2018). Plaintiff was a fare paying passenger onboard the Carnival *Glory* in September 2017. While the cruise ship was docked in Belize City, Belize, Plaintiff participated in a "Lamanai Ruins & Riverboat Safari" tour "owned and/or operated by" Exotic Shore Excursions, Ltd. Plaintiff alleges that Exotic used poorly maintained vessels to transport passengers to and from the Lamanai excursion. Plaintiff contends that she was on such a vessel when the vessel's canopy collapsed and broke loose from its supports, causing a metal bar to strike the Plaintiff across her forehead and injure her.

Plaintiff now asserts three causes of action. She sues Carnival for negligence, count one, and apparent agency or agency by estoppel, count three. She also sues Exotic for negligence, count two. Both Defendants filed respective motions to dismiss. In the first, Exotic argued that the Court lacked personal jurisdiction over it. In the second, Carnival claimed that Plaintiff failed to properly state a cause of action for negligence, and that the claim for apparent agency or agency by estoppel is not a recognizable cause of action. The Magistrate Judge recommended granting Exotic's motion to dismiss in full, and granting Carnival's motion to dismiss in part.

## II. STANDARD

"A district court may accept, reject, or modify a magistrate judge's report and recommendation." *Scott v. Miami Dade Dep't of Corr.*, 13-23013-CIV, 2017 WL 3336915, at *1 (S.D. Fla. Aug. 4, 2017) (citing 28 U.S.C. § 636(b)(1)). All objections are "accorded *de novo* review, if those objections 'pinpoint the specific findings that the party disagree with.'" *Id.*

(quoting *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009)). "Any portions of the report and recommendation to which no specific objection is made are reviewed only for clear error." *Id.* (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)).

### III. PLAINTIFF SUFFICIENTLY PLEADS A CLAIM FOR NEGLIGENCE

With respect to Carnival's motion to dismiss, the Court agrees with the Magistrate Judge that Plaintiff sufficiently pleads a claim for negligence, but not a claim for apparent agency or agency by estoppel. As Plaintiff concedes, the latter is not a recognized cause of action. The Court dismisses that count for Plaintiff to replead her theory of negligence by way of vicarious liability.

Carnival argues that the negligence claim largely consists of conclusory allegations which parrot the elements of negligence. "To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Regarding the first element, "a cruise line's duty of 'ordinary reasonable care under the circumstances' includes a 'duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit.'" *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1046 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336).

Carnival's motion argues that Plaintiff "fails to plead any facts that would tend to establish that Carnival was on notice of any unsafe condition on the subject excursion." But Plaintiff does sufficiently allege notice in her complaint. In particular, Plaintiff writes that Carnival "periodically evaluate[] the fitness and suitability of the excursion companies thru [sic] which it allows passengers to select shore excursions. This evaluation process includes periodic, if not annual, site visits to, and participate in each excursion in order to experience the excursion as would a

3

passenger." Further, Plaintiff writes that Carnival "requires its chosen excursion providers [i.e., Exotic] to maintain insurance and to provide a safe history report." These allegations, as this Court has held many times, are sufficient to survive a motion to dismiss. *See Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1332 (S.D. Fla. 2019) ("[P]laintiffs sufficiently alleged that the defendant had actual notice of the dangerous condition through their familiarity with the excursions through their sales relationship, inspections and continued partnership."); *Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1358 (S.D. Fla. 2016) (finding that the plaintiff adequately pled its negligence and failure to warn claim because "Plaintiff's allegation that Carnival should have become aware of the risk-creating condition during inspections of the Excursion Entities is sufficient regarding Carnival's actual or constructive notice of the risk-creating condition." (citation omitted)).

Carnival objects by citing *Mellnitz v. Carnival Corp.*, No. 18-cv-24933 (S.D. Fla. Apr. 30, 2019), a recent maritime case where a plaintiff sued for damages as a result of an excursion provider's speedboat being driven too fast and causing Plaintiff to fall and injure herself on the deck of the boat. Plaintiff's assertion in that case was that Carnival knew or should have known of the supposed danger based on its "initial approval process" and "yearly inspections," which the Court held was insufficient to plead notice. But here, unlike there, Plaintiff has asserted, among other things, that Carnival undergoes *periodic* inspections, which may raise the chances that Carnival knew or should have known of the present danger. The pleading standard is a plausible one, and it would not be unreasonable, given Plaintiff's assertions, to draw the inference that Carnival knew or should have known of the risk-creating conditions on Exotic's vessel. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Furthermore, in *Mellnitz*, Judge Altonaga found that the plaintiff failed to connect the yearly inspections to actual negligence by the defendant. Here, the Court finds that the Plaintiff carries her burden, linking the prior inspections

4

by Carnival to actual or constructive knowledge of the faulty vessel.

As a final matter, Carnival seeks in its objections to dismiss the negligence claim in so far as the claim alleges negligent hiring and retention. The Court, having reviewed the entire complaint, agrees with the Magistrate Judge that the complaint does not contain any such allegation. Accordingly, dismissal of a such a claim would be pointless.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has sufficiently pled a claim for negligence, but has failed to properly assert claims in counts two and three. Therefore, it is

**ADJUDGED** that

(1). Exotic's Motion to Dismiss is GRANTED and the claims against Exotic are DISMISSED without prejudice with leave to amend; and

(2). Carnival's motion to dismiss is GRANTED in part, and count three is DISMISSED without prejudice with leave to amend.

(3). Plaintiff shall have until **September 25, 2019** to file an amended complaint consistent with this Order. Failure to do so by this date will result in dismissal of the case.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of September 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Chris McAliley

Counsel of Record

5